THIS WILL MEMORIALIZE OUR TELEPHONE CONVERSATION YESTERDAY IN WHICH YOU INQUIRED ABOUT THE UNITED STATES SUPREME COURT'S RECENT DECISION IN A CASE STYLED DAVIS V. MICHIGAN DEPARTMENT OF TREASURY, WHICH IS REPORTED AT 57 U.S.L.W. 4389 (DECIDED MARCH 28, 1989). YOU ASK ABOUT THE IMPACT, IF ANY, OF THAT DECISION ON THE RIGHTS OF PRIVATE SECTOR EMPLOYEES.
AS I TOLD YOU OVER THE TELEPHONE, THE DAVIS DECISION CONSTRUES VARIOUS STATUTORY PROVISIONS DEALING WITH THE TAX TREATMENT OF STATE AND FEDERAL PUBLIC EMPLOYEES. THE ISSUE IN THAT CASE PERTAINED, IN A RELATIVELY NARROW SENSE, TO4 U.S.C.A. 111 WHICH AUTHORIZES STATES TO TAX "PAY OR COMPENSATION FOR PERSONAL SERVICES AS (FEDERAL) OFFICER OR EMPLOYEE . . ., IF THE TAXATION DOES NOT DISCRIMINATE AGAINST THE . . . EMPLOYEE BECAUSE OF THE SOURCE OF THE PAY OR COMPENSATION." IT IS VERY DIFFICULT FOR ME TO SEE ANY DIRECT RELATIONSHIP BETWEEN THE U.S. SUPREME COURT'S CONSTRUCTION OF THIS PARTICULAR STATUTE AND THE NONSTATUTORY RIGHTS OF PRIVATE SECTOR EMPLOYEES VIS-A-VIS PUBLIC EMPLOYMENT RETIREES. (I HAVE ENCLOSED A COPY OF THE DAVIS DECISION FOR YOUR INDEPENDENT REVIEW.)
OBVIOUSLY, THIS OFFICE CANNOT BE IN THE POSITION OF GIVING LEGAL ADVICE, DIRECTLY OR INDIRECTLY, TO PRIVATE CITIZENS. ANY PERSONS WHO WISH AN INDEPENDENT EVALUATION OF THE U.S. SUPREME COURT'S DECISION IN THE DAVIS CASE SHOULD RETAIN AND CONSULT INDEPENDENT COUNSEL.
(FEDERAL EMPLOYEES/FEDERAL RETIREES)
(NED BASTOW)